UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASOOD AHMADZAI,<br><br>          Appellant,<br><br>     v.<br><br>STOHLMAN & ROGERS, INC. DBA LAKEVIEW PETROLEUM CO.,<br><br>          Appellee. | No. 2:15-cv-00989-MCE<br><br>**MEMORANDUM AND ORDER** |

Appellant Masood Ahmadzai ("Appellant") appeals the Bankruptcy Court's entry of default in favor of Appellee Stohlman & Rogers, Inc. ("Appellee").[1] The Bankruptcy Court entered the default as a sanction for Appellant's attorney's failure to attend two pre-trial conferences. For the reasons set forth below, the Court dismisses the appeal.

///

///

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Appellant petitioned for Chapter 7 bankruptcy relief in August 2011.  In January 2012, Appellee initiated an adversary proceeding objecting to the discharge of a state court judgment against Appellant.  Appellant filed a timely Answer, and the adversary proceeding continued over the next few years.

Prior the initiation of the adversary proceeding, Appellant's attorney "opted-out" of electronic noticing.  Under Local Bankruptcy Rule 7005-1, counsel that register with the CM/ECF service may opt-out of the mandatory electronic servicing requirements.  Attorneys that do not consent to electronic servicing must be conventionally served.  LBR 7005-1(d)(2).  According to Appellant's counsel, although his office still received electronic notifications of filings, not all electronic notifications were reviewed because of counsel's reliance on conventional service.  Appellant's R., ECF No. 10 at 97-98.

In February 2014, both parties attended a pre-trial conference.  The conference was continued for the sole purpose of selecting a trial date, and the presiding judge granted permission for Appellant to appear at the continued conference by telephone.  The pre-trial conference was continued two more times.  In October 2014, the parties stipulated to continuing the pre-trial conference until December 10, 2014.  Appellant's attorney did not calendar the December 10, 2014 pre-trial conference at that time.  The Bankruptcy Court approved the order continuing the pre-trial conference.  However, Appellant alleges that unlike other orders approving continuances, his attorney was never provided notice that the stipulation was approved.  Appellant's R. at 8-9 (Bankruptcy ECF Nos. 78, 84, 96).

On December 10, 2014, the Bankruptcy Court held a pre-trial conference.  Appellee's attorney appeared.  Appellant's attorney did not appear.  At the conference the presiding judge, Judge Thomas Holman, stated that because he was retiring and the

---

[2] Unless otherwise specified, the factual assertions in this section are based on the allegations in Appellant's Opening Brief.  See Appellant's Opening Br., June 23, 2015, ECF No. 10 at 1-12.

trial would be held before Judge David Russell, the pre-trial conference would be continued in order to select trial dates.  Judge Holman instructed Appellee to give Appellant notice of the continued pre-trial conference.  Finally, Appellee's counsel asked Judge Holman to consider issuing an Order to Show Cause striking the Answer for Appellant's failure to attend the pre-trial conference.  Judge Holman declined that request, stating that he "[didn't] know what the new judge is going to want to do in situations like this."  Appellee's attorney provided notice that the pre-trial conference was continued to January 8, 2015.  The notice did not provide that the conference would be before Judge Russell.  On January 5, 2015, however, a docket entry was made stating that: "[d]ue to the retirement of Judge Thomas Holman, this case has been reassigned to Judge Christopher D. Jaime."  Appellant's R. at 10.

On January 7, 2015, Appellant's attorney scheduled a telephonic ("CourtCall") appearance before Judge Holman.  Appellant's attorney claims she subsequently received a message from CourtCall stating that the appearance had in fact been changed to Judge Christopher Jaime's courtroom.  Later that same day, Appellant's attorney received a message from CourtCall cancelling the scheduled call.  On January 8, Appellant's attorney received a phone message from CourtCall stating that Judge Holman was now retired and the case was transferred to Judge Jaime.  The CourtCall message also stated that Judge Jaime did not have calendar at 2:00pm that day and that the call was cancelled.  Shortly after receiving the CourtCall message, Appellant's attorney alleges that she received a call from someone at the Bankruptcy Court, and that they relayed essentially the same information as the prior CourtCall message. Appellant's attorney claims that at the time she believed the call came from Judge Jaime's clerk.  Later that morning, Appellant's attorney sent an email to Appellee's attorney expressing her belief that there would be no hearing that day in front of Judge Jaime.  Appellee's attorney did not respond.

Despite the above-enumerated developments, which Appellant's counsel construed as indicating that any hearing would be before Judge Jaime, on January 8,

3

1  2015, Judge Russell held a pre-trial conference in this matter at 2:00 pm.  Appellee's
2  attorney appeared; Appellant's attorney did not.  At the conference, the Judge and
3  Appellee's attorney had the following exchange:

> THE COURT:  . . .  All right.  And this is a continued pretrial conference.
>
> MR. HAYNES (Appellee's Attorney):  At the last conference in December, the defendant and the defendant's counsel did not appear.  It was in front of Judge Holman.  I believe it was one of his last hearings before his retirement, and we asked for an Order to Show Cause.
>
> At that time my understanding is that he stated he was leaving the bench, so he wanted to wait for the next judge who heard it to make a decision on the OSC or not.
>
> I understand that this morning our office received an email from opposing counsel, Karen Pine, stating that she received a call from the new judge, Judge Jaime's clerk saying that this would be reset, but I called the courtroom deputy to confirm that it would still be going on, so we have appeared.
>
> So accordingly, we would request the Order to Show Cause as to why the defendant's answer should not be stricken and the default entered.
>
> THE COURT:  All right.  Let's see.  (Court reviewing documents.)
>
> THE COURT:  Apparently you obtained a judgment in Yuba County Superior Court?
>
> MR. HAYNES:  Yes.
>
> THE COURT:  It was renewed in August of 2002.  Okay.
>
> Defendant filed an answer but didn't appear at the pretrial conference, was that it?
>
> MR. HAYNES:  Correct.  They did not appear in, I believe it was December 10, 2014, and then did not appear today or Counsel or the defendant.
>
> THE COURT:  All right. Okay. So at pretrial didn't appear.
>
> And then this was supposed to be — or this appearance was supposed to be in front of Judge Holman; right?
>
> And then what occurred was what you just recited to me?

///

1  MR. HAYNES: Right. We provided written notice, and I mailed it. I sent him proof of service and notice of continued hearing, and he isn't here.

THE COURT: We will grant the Order to Show Cause, so the Order to Show Cause is granted, and the answer – defendant's answer is stricken.

I guess what we will need to do, of course, whenever there's this situation that's, in effect, a default, you are going to have to get —

MR. HAYNES: Apply for a default judgment.

THE COURT: — get the clerk to enter a default judgment.

MR. HAYNES: Okay.

THE COURT: Okay?

MR. HAYNES: All right. Thank you.

THE COURT: You are welcome.

We can do that by minute order, Danielle.

THE CLERK: Okay.

THE COURT: So it is clear that the defendant's answer is stricken. Plaintiff to file default.

THE CLERK: Did we want to continue this?

THE COURT: I don't know that, you know, under the default proceedings the Plaintiff has to prepare the judgment, get it entered.

And the only problem would be is if the default judgment were not entered because the clerk felt it had to be heard by the Court, but I don't see why the clerk would do that.

Normally a clerk has the authority to enter a judgment as long as the amount is certain; in other words where we have a judgment.

MR. HAYNES: Right.

THE COURT: It shouldn't be very difficult for the clerk to ascertain what the total judgment should be for.

Appellant's R. at 210-16.

///

On February 9, 2015, the Bankruptcy Court entered a civil minute order striking Defendant's answer for failing to attend two successive pre-trial hearings. Id. at 209. On February 12, 2015, Appellant filed a Motion for Reconsideration under Fed. R. Bankr. P. 9024. Id. at 10 (Bankruptcy ECF No. 106). At the March 12, 2015, hearing on the Motion for Reconsideration, the Bankruptcy Court noted that "[appellant's attorney] relied on some information that . . . should not have [been] relied on." Id. at 87. The Bankruptcy Court stated that whoever made the call to Appellant's attorney "had no authority to make that statement . . . because [the Bankruptcy Court] didn't authorize it . . . ." Id. at 91. Appellant, Appellee, and the Bankruptcy Court had the following exchange at the hearing:

> MS. PINE (Appellant's Attorney): I was ready to go, too, your Honor. I did everything I could. Everybody said it was canceled. I would have been here. After three years of litigation, I would have been here.
>
> THE COURT: Yeah, maybe so, but I think it's — I'm not going to change my decision. I'm not going to — I don't think that the evidence that you presented is sufficient for me to proceed under Federal Rule of Bankruptcy 60, I think it is, the one that allows changes from the Court's previous decisions for something that — for new evidence or some of the other causes. I can't recall off the top of my head.
>
> MS. PINE: Inadvertence.
>
> THE COURT: Inadvertence, and I don't find that there was sufficient — I don't find that there was sufficient inadvertence, per se, to change my decision now after I heard — after I made my decision in your absence before.
>
> So I'm not going to change my decision. It stands, and, therefore, the case is dismissed.
>
> MS. PINO (Appellee's Attorney): The default judgment.
>
> THE COURT: Yes, I entered the judgment. Yes, so the default judgment will stand.
>
> MS. PINO: Thank you, Your Honor.
>
> MS. PINE: Thank you.
>
> THE COURT: You're welcome.

///

1
2
    MS. PINO: Did you want us to prepare an order, or did you want to do it by minute order?

3
    THE COURT: We can do it by minute order. I think it's sufficient for the minute order to recite that the Motion to Reconsider was denied and that the default judgment is —

4
5
    MS. PINE: Would you include the Findings of Fact and Conclusions, please?

6
7
    THE COURT: I already have. I haven't found a sufficient showing of inadvertence or excuse to change my decision.

8
    MS. PINO: Thank you, Your Honor.

9
    MS. PINE: Thank you.

10
    THE COURT: You're welcome.

Id. at 92-93. On April 24, 2015, the Bankruptcy Court entered a civil minute order denying the Motion for Reconsideration and affirming the entry of default. Id. at 14 and 217.

Appellant appealed the denial of the Motion for Reconsideration on March 26, 2015. Id. at 12 (Bankruptcy ECF No. 124). On April 22, 2015, Appellee elected to have the appeal heard in the District Court. Id. at 14 (Bankruptcy ECF No. 145).

## DISCUSSION

As a threshold matter, the Court considers whether it has jurisdiction over this appeal. See In re Luxury Auto Imports of Sacramento Inc., No. ADV 09-02373, 2011 WL 3625080, at *1 (E.D. Cal. Aug. 17, 2011) (court considers sua sponte its jurisdiction over an appeal from a bankruptcy court). The Court concludes that it does not have jurisdiction because Appellant does not appeal from a final action of the Bankruptcy Court. Because the Court declines to grant leave to hear this interlocutory appeal, the appeal is dismissed as prematurely taken.

///

///

**A.     The Entry of Default Is Not A Final Action.**

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a). Only "final" rulings may be appealed as a matter of right. In re Frontier Props., Inc., 979 F.2d 1358, 1362 (9th Cir. 1992). A party seeking to appeal any other order must seek leave of the district court. Id. A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id.

The Ninth Circuit has held that finality standards in the context of bankruptcy proceedings warrant additional flexibility. See In re Mason, 709 F.2d 1313, 1317 (9th Cir. 1983) ("[C]ertain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right.") Courts have thus adopted a "pragmatic approach" to assessing finality that focuses on whether the appealed decision effectively determined the outcome of the case. In re Frontier Props., 979 F.2d at 1363. In particular, a bankruptcy order may be appealed as a matter of right where it (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed. In re Allen, 896 F.2d 416, 418 (9th Cir. 1990). Traditional finality concerns still dictate, however, that "[w]e avoid having a case make two complete trips through the appellate process." In re Vylene Enters., 968 F.2d 887, 895 (9th Cir. 1992).

Appellant argues that the Bankruptcy Court clearly evidenced its intent that the entry of default was a final action. As evidence of finality, Appellant points to the Bankruptcy Court's discussion of getting the clerk to enter the judgment. Appellant's R. at 214-215. Appellant argues that because of the certainty of the judgment amount, there is a final appealable order. However, while there are "no formal words of judgment necessary to convey finality," In re Slimick, 928 F.2d 304, 308 (9th Cir. 1990), there must be some dispositive language sufficient to put the losing party on notice that the entire action is over and that the next step is appeal. In re Brown, 484 F.3d 1116, 1121 (9th

Cir. 2007). Although the Bankruptcy Court's statements on March 12, 2015, confuse the matter, the minute orders clearly invite further proceedings. Appellant's R. at 209 and 217. The February 9, 2015, minute order instructs "[p]laintiffs to file a motion for default judgment with the clerk." Id. at 209. The April 24, 2015, minute order regarding the Motion for Reconsideration merely denies the motion and provides that "the default entered of Defendant is still valid." Id. at 217. Although the Bankruptcy Court's March 12, 2015, statements understandably suggest an immediate entry of default judgment against Appellant, the ultimate orders published by the Bankruptcy court do not show finality. See In re Slimick, 928 F.2d at 308 ("Evidence of intent consists of the Order's content and judge's and parties' conduct.").

     Furthermore, entry of default by itself does not constitute a final action. Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009). Here, the Bankruptcy Court has not entered a default judgment; it has only entered a default. See Fed. R. Civ. P. 55(a)-(b) (describing the two-step process of "Entering a Default" and "Entering a Default Judgment"). Whereas the Court has jurisdiction to review a Bankruptcy Court order denying a motion to set aside the entry of a default judgment, see 28 U.S.C. § 158(a), the Court lacks jurisdiction over an appeal from an order denying a motion to set aside the entry of default alone. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986) (entry of default is not a final appealable order); Baker v. Limber, 547 F.2d 912, 916 (9th Cir. 1981) (same). Even in light of the more flexible standard of finality in bankruptcy proceedings, there is no reason to depart from the rule that an entry of default is not a final order. As Appellee points out, they are still required to submit a motion seeking entry of default judgment. Because these further proceedings may affect the scope of the ultimate order, the present order is not a final order. See In re Four Seas Ct., Ltd., 754 F.2d 1416, 1418 (9th Cir. 1985) ("When further proceedings in the bankruptcy court will affect the scope of the order, the order is not [final].")

///

9

The Bankruptcy Court's entry of default was not a final action. The present appeal is therefore premature as an appeal of right.

**B.     The Court Declines to Grant Leave to Hear This Interlocutory Appeal.**

The Court has jurisdiction to hear appeals "with leave of court" from interlocutory orders and decrees of bankruptcy judges. See 28 U.S.C. § 158(a). In order for the Court to hear an interlocutory appeal, a motion for leave to appeal must be filed pursuant to Fed. R. Bankr. P. 8004. If an order is interlocutory, and no motion for leave to appeal has been filed, the Court may treat the notice of appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8004(d). Granting leave to appeal is left to the discretion of the Court. See 28 U.S.C. § 158(a); In re Roderick Timber Co., 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). In considering whether to grant leave, the Court considers the factors set forth in 28 U.S.C. § 1292(b). In re Bertain, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997); In re Kashani, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995). Granting leave is appropriate when an order (1) involves a controlling question of law, (2) presents substantial ground for difference of opinion, and (3) when an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Assoc. of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1082, 1087 (E.D. Cal. 2008). All three factors must be satisfied for the Court to grant leave to appeal. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

The Court applies the § 1292(b) factors and concludes that they are not all satisfied. First, the Court notes that the order entering the default does not appear to involve a controlling issue of law. See Irritated Residents, 634 F. Supp. 2d at 1089 (noting that a question of law under § 1292(b) is a "question of the meaning of a [law]"); Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co., 2006 WL 2085244, at *3 (E.D. Cal. July 25, 2006) (observing that "question of law" means pure question of law, not mixed question of law and fact). Here, the issue of whether the Bankruptcy Court judge abused his discretion by entering the default is necessarily a mixed question of law and fact. A court abuses its discretion when it does not apply the correct law or rests its

decision on a clearly erroneous finding of material fact.  See Jeff D. v. Otter, 643 F.3d 278, 283 (9th Cir. 2011).  Here, the Bankruptcy Court's entry of default resulted in large part from the Judge's understanding of the present posture of the case, a factual matter.

However, under the second § 1292(b) prong, mere disagreement with a court's ruling does not create a "substantial ground for difference."  Irritated Residents, 634 F. Supp. 2d at 1090.  Appellant's argument that the Bankruptcy Court judge misconstrued the status of the litigation and failed to properly apply the relevant law in entering the default is a disagreement with the ruling.  To determine whether a substantial ground for difference of opinion exists, courts examine to what extent the controlling law is unclear.  Couch, 611 F.3d at 633.  Substantial grounds exist when circuit courts are in dispute, complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.  Id.  Appellant does not present any of these situations.  To the extent that Appellant presents the election to opt-out of electronic noticing as a novel issue of first impression, this too fails to create substantial grounds for disagreement.  The mere presence of a disputed issue of first impression, standing alone, does not demonstrate a substantial ground for difference of opinion.  Id. at 534.

Third, granting leave to hear the present appeal would materially advance the termination of the litigation.  Filing of the appeal divested jurisdiction from the Bankruptcy Court.  See In re Adams Apple, Inc., 829 F.2d 1484, 1489 (9th Cir. 1987) ("A pending appeal [. . .] divests a bankruptcy court of jurisdiction.").  Granting leave would determine the appropriateness of the sanction and permit the adversary proceeding to go forward.

In spite of the potential for advancing the litigation, the present appeal does not involve a controlling issue of law that presents a substantial difference of opinion.  The Court therefore declines to grant leave to hear the interlocutory appeal.  See Couch, 611 F.3d at 633 (noting that all three § 1292(b) requirements must be met).

///

///

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES the appeal as prematurely taken.

IT IS SO ORDERED.

Dated: March 7, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT